UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | |
|---|---|
| In re:<br><br>HO WAN KWOK, *et al.*,[1]<br><br>              Debtors. | Chapter 11<br><br>Case No. 22-50073 (JAM)<br><br>(Jointly Administered) |
| LUC A. DESPINS, Chapter 11 Trustee,<br><br>              Plaintiff,<br>v.<br><br>MEI GUO,<br><br>              Defendant. | Adv. Pro. No. 24-05036 (JAM) |

**MEI GUO'S OBJECTION TO SUPPLEMENTAL MOTION OF CHAPTER 11
TRUSTEE TO EXTEND AUGUST 15, 2025 DEADLINE FOR TRUSTEE
TO ASSERT AVOIDANCE CLAIMS AGAINST CERTAIN DEFENDANTS**

Pursuant to the Court's August 1, 2025, Order [ECF No. 43], Defendant Mei Guo ("Ms. Guo"), by and through her undersigned counsel, respectfully submits her Objection (the "Objection") to the Supplemental Motion of Chapter 11 Trustee to Extend August 15, 2025 Deadline for Trustee to Assert Avoidance Claims Against Certain Defendants (the "Motion"). In support of the Objection Ms. Guo states as follows:

---

[1] The Debtors in these chapter 11 cases are Ho Wan Kwok (also known as Guo Wengui, Miles Guo, and Miles Kwok, as well as other aliases) (last four digits of tax identification number: 9595), Genever Holdings LLC (last four digits of tax identification number: 8202) and Genever Holdings Corporation. The mailing address for the Trustee, Genever Holdings LLC, and the Genever Holdings Corporation is Paul Hastings LLP, 200 Park Avenue, New York, NY 10166 c/o Luc A. Despins, as Trustee for the Estate of Ho Wan Kwok (solely for purposes of notices and communications).

## ARGUMENT

1. The Motion should be denied for three reasons. First, the Motion directly conflicts with this Court's February 14, 2025 Order Granting In Part Third Motion for Extension of Deadline for Trustee to File Avoidance Actions (the "Third Motion Order") because the Third Motion Order expressly provided that it was this Court's "final extension" and any future motions to extend statutes of limitations had to be filed within a pending or subsequently filed avoidance action. This limitation appears to have been intended to provide avoidance action defendants and this Court with the opportunity to evaluate the appropriateness of applying any statute of limitations to specifically alleged causes of action and correspondingly to the circumstances alleged by the Chapter 11 Trustee (the "Trustee") to have obstructed his discovery of such specifically alleged causes of action.

2. Second, the Trustee has failed to identify sufficient extraordinary circumstances in the form of recent obstruction that has impeded his investigation such that the statute of limitations should be extended on a blanket basis as to Ms. Guo for a fourth time.

3. Third, as previously argued by Ms. Guo, Federal Rule of Bankruptcy Procedure 9006(b) does not grant this Court the authority to extend the statutes of limitations contained in 11 U.S.C. §§ 108, 546, and 549.

### a. The Motion is Inconsistent with the Third Motion Order

4. The Third Motion Order makes it clear that any future motion to extend a statute of limitations related to avoidance actions should be confined to the particular avoidance action in which the statute of limitations is at issue:

> However, the extension of the statutes of limitation set forth in 11 U.S.C. §§ 108, 546, and 549 granted herein will be the final extension applicable to avoidance actions filed by the Trustee. Any further extensions must be sought upon motion in a pending avoidance action or in a subsequently commenced avoidance action.

(Third Motion Order, at 4). *See also*, *id.*, ("ORDERED, Any additional requests for extension of the statutes of limitations set forth in 11 U.S.C. §§ 108, 546, and 549, must be made by motion and shall be filed in a specific pending avoidance action or in a subsequently commenced avoidance action; . . .").

5. The Trustee reads the quoted portion of the Third Motion Order as permitting blanket extensions of statutes of limitation, *i.e.*, applying to any avoidance action filed during the extension period against the defendant(s) to whom the extension is applicable, provided that the motion seeking that relief is filed in an avoidance action, rather than on the Main Case docket, but that renders the provisions superfluous because the Trustee's perspective results in no substantive difference in the procedure for obtaining an extension.

6. Indeed, the Third Motion Order being the "final extension" clearly meant that this Court would no longer entertain blanket motions for extensions of statutes of limitation prospectively, even for a single defendant or limited group of defendants, but would instead address statute of limitations related disputes within the avoidance action in which they arise. Thus, if the Trustee sought to amend a complaint in an existing avoidance action to add new claims (and possibly new parties), any statute of limitations defense would be addressed in that avoidance action. *See Despins v. Apple, Inc. (In re Kwok)*, Adv. Pro. No. 24-05060, 2025 Bankr. LEXIS 1801, *14-*22 (Bankr. D. Conn., July 29, 2025) (addressing issues of relation back and equitable tolling in adversary proceeding in connection with objection to motion to amend complaint arguing futility due to running of statute of limitations). Likewise, if the Trustee commences a new avoidance action and the statute of limitations is raised as a defense, the Court will address the statute of limitations defense in that avoidance action.

7. The obvious justification for this distinction is that the applicable defendants and this Court can then assess the appropriateness of applying a statute of limitation to specific causes of action. The primary factual question presented—whether the defendants and/or the Debtor actually impaired the Trustee's ability to discover causes of action—could be considered after-the-fact knowing the causes of action alleged and the alleged obstruction as to the bringing of those causes of action, *i.e.*, the alleged extraordinary circumstances.

8. This interpretation of the Third Motion Order's direction that "[a]ny further extensions must be sought upon motion in a pending avoidance action or in a subsequently commenced avoidance action" is the only one that makes sense because it would be completely illogical to direct the Trustee to file a motion in an avoidance action when the motion does not seek any relief specific to the allegations made in that avoidance action, such as the Trustee's Motion presently before this Court which does not seek any relief concerning the causes of action that he has alleged, or otherwise related to this avoidance action.

9. Moreover, enforcing the Third Motion Order consistent with its provisions does not prejudice the Trustee because he is free to seek an extension of the statute of limitations, whether by equitable tolling or other tolling/extension doctrines, in response to a statute of limitations defense. The Trustee even acknowledges as much. *See* Motion, at 4 ("However, if the Court believes it would be more appropriate to address any time limitations to these Defendants at a later stage of these Adversary Proceedings, or in subsequently filed proceedings, the Trustee is prepared to do so.").

10. By the Motion the Trustee is not seeking to extend a statute of limitations within this avoidance action, but is instead seeking an improper, based on the Third Motion Order, blanket extension of the time period to bring avoidance actions against Ms. Guo and five others. The

Trustee seeks to preclude Ms. Guo from presenting her objections to the extension of the statute of limitations to actually pled causes of action that the Trustee alleges he was obstructed from timely discovering and bringing. This is exactly what the Third Motion Order precluded him from doing. If the Trustee discovers new avoidance causes of action in the future against Ms. Guo he can commence a new avoidance action or seek to amend a complaint in an existing avoidance action to add them. Ms. Guo can then assert her statute of limitations defenses, if applicable, and the parties can conduct discovery as to these defenses (and the basis for the Trustee's opposition) as they conduct discovery concerning all of the alleged causes of action and defenses, the exact process that will need to be followed against other avoidance action defendants going forward, even if the Motion was granted as to Ms. Guo. Thus, the Motion should be denied as to Ms. Guo.

### b. **The Alleged Obstruction is Insufficient to Warrant the Requested Relief**

11. Even if the Third Motion Order left open a route for a prospective, blanket statute of limitations extension against a limited number of individuals, the Motion should still be denied because the Trustee fails to identify the extraordinary circumstances, such as any new or additional obstruction by the Debtor, necessary to warrant a blanket extension of the statute of limitations as to Ms. Guo.

12. In fact, Ms. Guo has cooperated with the Trustee, producing more than 6,000 pages of documents to the Trustee in connection with discovery related to a contempt motion filed against Ms. Guo in December 2024 in *Despins v. Guo*, Adv. Pro. 23-05008. Ms. Guo also sat for a full day deposition in connection with the contempt motion. During the deposition Ms. Guo identified the individuals who had gifted or loaned her money so that she could pay her expenses. Ms. Guo's deposition was conducted on March 19, 2025. To date, the Trustee has not commenced an avoidance action seeking to recover any of the funds gifted or loaned to Ms. Guo that were

identified during her deposition, and the Trustee does not allege in the Motion that Ms. Guo has obstructed the Trustee from bringing any such action.

13. The Trustee accuses Ms. Guo of being "at best, intentionally evasive" in her March 19, 2025 deposition in response to a question concerning the identity of the payor of the rent for the home in which her mother resides in Greenwich. *See* Motion, at 10. Ms. Guo rejects and denies the allegation that she gave false testimony or was otherwise "intentionally evasive" in her deposition testimony. Regardless, the Trustee has obtained information regarding the payor(s) of the rent for Ms. Guo's mother's residence and has not commenced an avoidance action against Ms. Guo to recover any of the rental payments. If the Trustee does commence such an avoidance action against Ms. Guo, which is unlikely since the rental payments are not alleged to have been paid to Ms. Guo, the Trustee can allege facts in his complaint to support equitable tolling as to that particular avoidance action. Thus, Ms. Guo's alleged "at best, intentionally evasive" testimony does not provide a basis to grant the requested blanket statute of limitations extension as to Ms. Guo.

14. The other alleged conduct of Ms. Guo that the Trustee argues was obstructive and constitutes extraordinary circumstances occurred prior to the filing of the Trustee's first motion to extend the statute of limitations in February 2024, more than 18 months ago. That alleged conduct does not support a further six month extension of the statute of limitations as to Ms. Guo.[2]

---

[2] By order dated July 31, 2025, this Court found Ms. Guo in contempt of a December 2023 temporary restraining order. *See* Memorandum of Decision and Order Granting Motion to Hold Mei Guo in Contempt of Preliminary Injunction, *Despins v. Guo*, Adv. Pro. 23-05008, [ECF No. 180]. Ms. Guo was held in contempt for spending money in violation of the preliminary injunction. Ms. Guo's spending of money to her to pay her own expenses did not obstruct the Trustee in his investigation, and the Trustee does not allege otherwise.

15. As for the Debtor's alleged obstruction, the Debtor has been incarcerated since March 15, 2023, and is presently awaiting sentencing following his criminal conviction in July 2024.[3] The Trustee has had the voluminous publicly available evidence from the Debtor's lengthy criminal trial for more than a year, and has not brought any additional avoidance action(s) against Ms. Guo.[4]

16. The Motion does not identify any recent conduct on behalf of the Debtor that has obstructed the Trustee's investigation or otherwise constitutes extraordinary circumstances, other than the Debtor's ongoing failure to cooperate, which is unlikely to change in the next six months while the Debtor awaits sentencing, and may never change.

17. The Debtor's ongoing failure to cooperate is insufficient for a blanket extension of the statute of limitations as to Ms. Guo. Thus, the motion should be denied with the Trustee free to allege facts demonstrating the elements of equitable tolling, *i.e.*, diligence in bringing the claim and extraordinary circumstances that prevented the claim from being timely commenced, *see Apple, Inc.*, 2025 Bankr. LEXIS 1801, at *18 (citation omitted), in any future avoidance action commenced against Ms. Guo.

   c.   **The Court Lacks Authority to Extend the Statutes of Limitations at Issue**

18. As previously argued by Ms. Guo and others, Federal Rule of Bankruptcy Procedure 9006(b) does not authorize Bankruptcy Courts to extend congressionally enacted statutes of limitations, such as those sought to be extended by the Motion. Ms. Guo respectfully incorporates the arguments on this point set forth in the following filings: Objection of Mei Guo to Trustee's Motion for Entry of Order Extending Deadline for Trustee to File Avoidance Actions

---

[3] The Debtor's sentencing was recently continued to January 20, 2026.

[4] The Trustee has not commenced an avoidance action against Ms. Guo since February 2024, before the expiration of the original two year statute of limitations.

7

Under Bankruptcy Code Sections 108, 546(a), and 549 [Main Case ECF 2551, at 8-9], February 5, 2024, G Club Operations LLC's Objection and Memorandum of Law in Opposition to Trustee's Motion for Entry of Order Extending Deadline for Trustee to File Avoidance Actions Under Bankruptcy Code Sections 108, 546(A), and 549 [Main Case ECF 2563, at 4-7], and February 5, 2024, Objection [of Greenwich Land, LLC and Hing Chi Ngok] to the Chapter 11 Trustee's Motion for Entry of an order Extending Deadline for Trustee to File Avoidance Actions Under Bankruptcy Code Sections 108, 546(A), and 549, and Joinder to Objections Filed by Mei Guo (ECF 2551), UBS AG (ECF 2554), Defeng Cao (ECF 2553), Taurus Fund, LLC, Taurus Management, LLC and Scott Barnett (ECF 2557), and G Club Operations, LLC (2563), [Main Case ECF 2569].[5]

19.     Ms. Guo is aware that this Court has previously rejected this argument and reasserts it in an abundance of caution to ensure that it is preserved for appeal should the Court grant the Motion as to Ms. Guo.[6]

**CONCLUSION**

20.     For all of the foregoing reasons the Motion, seeking an additional six (6) month extension of the statute of limitations for the Trustee to commence avoidance actions against Ms. Guo, should be denied leaving the Trustee free to seek relief from the statute of limitations in an

---

[5] The Motion likewise incorporates by reference arguments made by the Trustee in prior filings related to motions to extend the statute of limitations to commence avoidance actions. *See*, Motion at ¶¶ 14, 16, and 18.

[6] Appeals of this Court's first, second and third orders granting the Trustee's motions to extend the statute of limitations to commence avoidance actions were filed by parties other than Ms. Guo. The appeals have been consolidated before the Hon. Victor A. Bolden, U.S.D.J., in case no. 3:24-cv-284 (the "Pending Appeal"). Certain jurisdictional arguments have been raised in the Pending Appeal which could affect Ms. Guo's rights to raise certain legal arguments in a subsequent appeal pursued by her of any order granting the Motion if she does not raise those arguments in her Objection, which she does by reference.

avoidance action commenced against Ms. Guo if and when she raises the statute of limitations as a defense in any such avoidance action.

Dated: Bridgeport, Connecticut, August 8, 2025

*/s/ James M. Moriarty*
Stephen M. Kindseth (ct14640)
James Moriarty (ct21876)
**ZEISLER & ZEISLER, P.C.**
10 Middle Street, 15th Floor
Bridgeport, CT 06604
Telephone: (203) 368-4234
skindseth@zeislaw.com
jmoriarty@zeislaw.com
*Attorneys for Defendant Mei Guo*

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 8, 2025, a copy of foregoing Mei Guo's Objection to the Supplemental Motion of Chapter 11 Trustee to Extend August 15, 2025 Deadline for Trustee to Assert Avoidance Claims Against Certain Defendants was filed electronically with the Bankruptcy Court. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                  */s/ James M. Moriarty*
                                                  James Moriarty (ct21876)