## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HO WAN KWOK, *et al.*, | ) | Case No. 22-50073 (JAM) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| LUC A. DESPINS, CHAPTER 11 TRUSTEE FOR THE ESTATE OF HO WAN KWOK, | ) | Adv. P. No. 24-05036 (JAM) |
| | ) | Re: ECF No. 41 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MEI GUO, | ) | |
| | ) | |
| Defendant. | ) | |

### <u>ORDER DENYING MOTION TO EXTEND DEADLINES</u>

Before the Court is the motion (the "Motion to Extend Deadlines") of the plaintiff, Mr. Luc A. Despins, in his capacity as Chapter 11 trustee (the "Trustee") for the estate of Mr. Ho Wan Kwok (the "Individual Debtor") to extend the deadlines set forth in sections 108, 546, and 549 of title 11 of the United States Code (the "Bankruptcy Code") to file avoidance actions against, among others, the defendant, Ms. Mei Guo. (ECF No. 41.)[1] Presently, the deadlines are extended through August 15, 2025, by prior order of the Court. (Main Case ECF Nos. 2921, 3417, 4106.) The Motion to Extend Deadlines seeks to further extend them through February 16, 2026. Ms. Guo objected to the Motion to Extend Deadlines. (ECF No. 46.)

---

[1] References to the docket in this adversary proceeding will be styled "ECF No. __." References to the docket in the main case, *In re Kwok*, Case No. 22-50073 (JAM), will be styled "Main Case ECF No. __."

On August 12, 2025, a hearing was held on the Motion to Extend Deadlines. During the hearing, the Trustee testified and was subject to cross-examination by counsel for Ms. Guo and Ms. Hing Chi Ngok, who objected to the Motion to Extend Deadlines.[2] The Trustee introduced exhibits related to Ms. Guo and Ms. Ngok which were admitted into evidence on consent. After the Trustee's testimony, the Trustee and counsel for Ms. Guo and Ms. Ngok presented their respective arguments with regard to the Motion to Extend Deadlines. At the conclusion of the hearing, the Court took the Motion to Extend Deadlines under advisement.

Upon consideration the Motion to Extend Deadlines, the objections, the evidence admitted and statements made during the hearing, and the record in the jointly administered Chapter 11 cases and related adversary proceedings, the Court denies the Motion to Extend Deadlines as an exercise of its discretion. Fed. R. Bankr. P. 9006(b) ("Except as provided in (2) or (3), the court *may*—at any time and for cause—extend the time to act . . . .") (emphasis added). In making this determination, the Court *is not determining cause does not exist to grant the requested extension.* Indeed, as the Court noted in the first order extending deadlines: "Arguably, the failure of the Individual Debtor to comply with his duties could result in a finding that the statutes of limitation contained in sections 108(a), 546(a), and 549(d) have not even begun to run." (Memorandum of Decision & Order at 14, Main Case ECF 2921.) This observation remains as true today as when the first order entered. Moreover, the record of these jointly-administered Chapter 11 cases and related adversary proceedings is replete with examples

---

[2] During cross examination, Ms. Guo and Ms. Ngok's counsel asked an extended series of questions about a hypothetical unauthorized post-petition transfer action. For the record, the statute of limitations on section 549 actions is the "earlier of—(1) two years after the *date of the transfer sought to be avoided*; or (2) the time the case is closed or dismissed." 11 U.S.C. § 549(d) (emphasis added). The reference date is not the petition date as was suggested during questioning.

of, among others, Ms. Guo and Ms. Ngok being the instrumentality of, or actively assisting in: (i) the Individual Debtor's obstruction of the Trustee's statutorily mandated investigation; and (ii) his contempt of this Court – *which his counsel has stated the Individual Debtor will likely never attempt to purge.*

Nevertheless, unless and until binding precedent supports this Court's prior determinations regarding Rule 9006, and as contemplated in the first extension order, statute of limitation defenses will likely be advanced and equitable tolling will likely be asserted by the Trustee. (Memorandum of Decision & Order at 14, Main Case ECF 2921 ("Nevertheless, in light of this concern, the Court will not determine the issue of waiver of a statute of limitations defense at this time, but rather reserve that issue for determination when and if it is raised in an adversary proceeding.").) Therefore, the Court determines it is in the interest of judicial economy at this time to deny the Motion to Extend Time without prejudice to the Trustee raising equitable tolling or other available arguments in response to a statute of limitations defense. The Trustee has acknowledged in his papers and his argument that this course of action may be deemed more prudent by the Court.

Accordingly, it is hereby

**ORDERED:** The Motion to Extend Time is **DENIED**.

Dated at Bridgeport, Connecticut this 14th day of August, 2025.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut

3